Case 11-01119    Filed 08/18/11    Doc 17

2011-01119
FILED
August 18, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003695121

**8**

MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>REYES T. ORTEGA and<br>TAMMY M. ORTEGA,<br><br>        Debtors.<br>_____<br><br>AUGUST B. LANDIS,<br>Acting United States Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>REYES T. ORTEGA and<br>TAMMY M. ORTEGA,<br><br><br><br><br>        Defendants.<br>_____ | Case No. 11-14240-B-13<br>Chapter 13<br><br><br><br><br><br><br><br>A.P. No. 11-01119-B<br>DC No. UST-1<br><br><br><br>Date:  July 28, 2011<br>Time:  1:30 p.m.<br>Place:  U.S. Bankruptcy Court<br>          Department B, Courtroom12<br>          2500 Tulare Street<br>          Fresno, California<br>Judge: W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
UNITED STATES TRUSTEE'S COMPLAINT TO (1) TO DISMISS CHAPTER 13
CASE WITH PREJUDICE AND (2) TO ENJOIN DEBTOR
FROM FILING BANKRUPTCY FOR TWO YEARS**

On July 28, 2011, the Court's Status Conference came on for hearing on the United

- 1 -

RECEIVED
August 11, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003695121

States Trustee's Complaint to (1) to Dismiss Chapter 13 Case with Prejudice and (2) to Enjoin Debtor from Filing Bankruptcy for Two Years.  Mark L. Pope, Esq. appeared for the United States Trustee.  Having reviewed the pleadings and considered the arguments of the United States Trustee, the Court now issues the following findings of fact and conclusions of law.

**Findings of Fact**

1. The Defendants filed the Current Case in the Fresno Division on April 12, 2011. ("Current Case").  This is Defendants' third bankruptcy case. In each case, the Defendants were represented by attorney Steve S. Gohari.

2. The Defendants filed two previous bankruptcy cases in the eight years prior to the Current Case in the Fresno Division: Case No. 10-64608-B-13 filed in the Eastern District of California [Fresno] ("Case No.1") filed on December 20, 2010 and Case No. 11-13174-B-13 filed in the Eastern District of California [Fresno] ("Case No.2") filed on March 21,2011.

3. Case No.1 was filed on December 20,2010, and was dismissed March 14,2011, by the court for failure to appear at the scheduled 341 Meeting of Creditors, failure to set a modified plan for hearing with notice to creditors, and failure to make timely payments on the plan. The court granted Defendants' Motion to Pay the court filing fee in installment payments.

4. Case No.2 was filed on March 21,2011 and dismissed on April 4, 2011, by the court for failure to file schedules. The court filing fee was paid in full.

5. The Current Case was filed on April 12, 2011. The court filing fee was paid in full.  The Court dismissed the case on May 2, 2011 for failure to file documents.  On April 28, 2011, the Court specifically retained jurisdiction over this adversary proceeding.

6. Also on April 12, 2011, the Defendants filed a fourth case, Case No. 11-14241-B-7.  The Court dismissed that case on April 25, 2011 for failure to file documents.

**Conclusions of Law**

**A. The Court has Jurisdiction to Resolve this Complaint.**

7. Dismissal of the underlying bankruptcy case does not strip the court of jurisdiction.

After dismissal, the court retains jurisdiction to interpret it orders entered prior to dismissal and to dispose of ancillary matters but not to grant new relief independent of its prior rulings. *Tsararoff v. Taylor (In re Taylor)*, 884 F.2d 478,481 (9th Cir. 1989). The Court has ancillary jurisdiction over post dismissal matters which were established prior to dismissal of the case. *In re Aheong*, 276 B.R. 233, 240-242 (9th Cir. BAP 2002). It also has jurisdiction granted by 28 U.S.C. § 1334 over civil proceedings arising under title 11, those arising in cases under title 11, and those related to cases under title 11. Id. at 242. The decision whether to retain jurisdiction over an adversary proceeding is left to the sound discretion of the bankruptcy court. *In Carraher v. Morgan Elecs., Inc., (In re Canaher)*, 971 F.2d 327,328 (9th Cir. 1992); *see also In re Morris*, 950 F.2d 1531, 1334 (11th Cir. 1992); *In re Smith*, 866 F.2d 576 (3rd Cir. 1989).

8. The instant case was properly dismissed to enable creditors to proceed with their non-bankruptcy business and resolve their disputes in an appropriate forum, including eviction or foreclosure proceedings against the Defendants. The Court has properly exercised its discretion to reserve jurisdiction over the adversary proceeding.

9. Even if jurisdiction had not been reserved prior to dismissal, the court would have jurisdiction over adversary proceedings for dismissal with prejudice and an injunction against future filings. An adversary under proceeding is action created by and "arising under" title 11. An adversary proceeding under section 105 for an injunction is primarily an administrative proceeding that, while not based in any right created by title 11, nevertheless has no existence outside bankruptcy, and therefore "arises in" a case under title 11. Moreover, because the outcome of the adversary proceeding to dismiss with prejudice would have an effect on the estate being administered, the adversary proceeding is "related to" the underlying case. *Aheong*, 276 B.R. at 243.

10. This case is not moot because dismissal with prejudice is substantially different than dismissal prior to entry of discharge. Dismissal would merely stop the entry of the discharge. See *Aheonq*, 276 B.R. 239. Dismissal with prejudice bars a subsequent discharge

of debts which could have been scheduled. 11 U.S.C. § 523(a)(10). A discharge in this case should be denied pursuant to this complaint for reasons of economy, convenience, fairness, and comity. The same facts also support an injunction against future filings.

**B. This Case Should be Dismissed With Prejudice.**

11. This Court has authority to dismiss a case with prejudice under section 349 of the Bankruptcy Code. Section 349(a) provides that :

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed, nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. §349(a).

12. Section 349 of the Bankruptcy Code establishes a general rule that dismissal of a case is without prejudice, but expressly grants a bankruptcy court the authority to dismiss the case with prejudice which "bars further proceedings between the parties and is a complete adjudication of the issues." *In re Leavitt*, 171 F. 3d 1219, 1223-1224 (9th Cir. 1999) citing, *In re Tomlin*, 105 F.3d at 935-937.

13. Bad faith is cause for dismissal with prejudice undser section 349(a). *In re Leavitt*, F. 3d at 1224; *In re Padilla*, 214 B.R. 496, 498-99 (Bankr. 9th Cir. 1997); *In re Brown*, 88 B.R. 280, 283 (Bankr. D. Hi. 1988) and cases cited therein.

14. Evidence with respect to a debtor's past history of bankruptcy filings and dismissals is relevant to the determination of whether the present case was filed in good faith. *In re Huerta*, 137 B.R. 356, 367 (Bankr. C.D. Cal. 1992). A bankruptcy court must be constantly vigilant to determine whether there was a strategy behind the subsequent filing to frustrate the statutory requirement and abuse the bankruptcy process. *In re Huerta*, 137 B.R. at 365.

15. All of four of Defendants' cases have been dismissed for failure to file documents or to attend the meeting of creditors. The Defendants' conduct in this case and their previous cases is prejudicial to creditors. Accordingly, this case should be dismissed with prejudice

with the result that the Defendants can not obtain a discharge of the debts existing when this case was filed.

**C. Injunctive Relief is Appropriate.**

16. Injunctive relief is available under section 105, which states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

17. The basic purpose of section 105 is to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction. Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief. Collier on Bankruptcy (1 5th ed. rev. 2002) at 105-5.

18. Section 105 empowers this Court to enjoin future filings to prevent abuse of the bankruptcy process. *See e.g. In re Casse*, 198 F.3d 327 (2d Cir. 1999); *Colonial Auto Ctr. v. Tomlin (In re Tornlink)* 105 F.3d 933,940 (4th Cir. 1997); *In re Earl*, 140 B.R. 728,741 (Banrk. N.D. Ind. 1992); *see generally, In re Leavitt*, 209 B.R. 935 (9th Cir. BAP 1997)(it was proper for the bankruptcy court to prevent further litigation of the same issues by barring indefinitely future abusive filings by Debtor related to existing, dischargeable debt), aff'd on other grounds *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999); see contra *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1 103 (10th Cir.l99l)(construction of § 349(a) precluded the application of § 105(a) to justify a longer prohibition against future filings).

19. Injunctive relief is available by adversary proceeding. Fed. R. Bankr. P. 7001(7), 7065. Most courts have applied the traditional test for the issuance of an injunction, which requires a party seeking an injunction to show:

(1) a substantial likelihood of success on the merits;

(2) that the movant will suffer irreparable harm unless an injunction issues;

(3) that the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and

(4) that the injunction would not adversely affect the public interest.

See Fed.R.Civ.P. 65; see also *American Imaging Servs., Inc v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F. 2d 855, 858 (6th Cir. 1992); *Coben v. Apland (In re Golden Plan California)*, 36 B.R. 95 (9th Cir. BAP 1984). A similar test is applied under California state law. California Code of Civil Procedure § 526.

20. The Defendants' pattern of filing and dismissal strongly indicates they do not have the ability to propose a feasible plan of reorganization. This combined with failure to file documents and appear at the meeting of creditors indicates bad faith and misuse of the bankruptcy system. Bankruptcy is being used by the Defendants for the sole purpose of delaying creditors. Thus, the Defendants have no legitimate reason to file for bankruptcy relief under chapter 13 or any other chapter of the Bankruptcy Code.

21. The Defendants' failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose a 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(l). However, a 180-day bar against re-filing is not sufficient to protect creditors from Defendants. Defendants have filed 4 bankruptcy cases in less than a year. Creditors suffer irreparable harm as a result of the Defendants' ongoing actions and omissions. Due to their conduct, creditors are wrongly hindered or delayed from enforcing their rights and they suffer pecuniary losses in the form of lost rents and/or attorneys fees.

22. The United States Trustee, who is statutorily charged with the responsibility pursuant to 28 U.S.C. § 586(a) to supervise the administration of bankruptcy cases, has no adequate remedy at law. The Defendants' actions and omissions hinder administration of justice. The Defendants will continue to abuse the bankruptcy process unless this Court, under its equitable power, enjoins them from filing another bankruptcy. A reasonable term for the injunction is 2 years from the date of the dismissal of this case on May 2, 2011.

//

## Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

The dismissal of main case herein on May 2, 2011 shall be with prejudice to the discharge of debts of the Defendants existing when this case was filed and the Defendants shall be barred from filing another bankruptcy petition within two years from the date of the dismissal, without leave of court.

A separate order shall be entered.

Dated: August 18, 2011

W. Richard Lee
United States Bankruptcy Judge

Efiled by Mark L. Pope
    Direct Phone: (559)487-5002 Ext. 240
    Email: Mark.Pope@usdoj.gov